UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**CASE NO.: 8:26-cv-01794-JSM-T_W**

ALEXIA VICTORIA GAVIN,

Plaintiff,

v.

MANATEE COUNTY, FLORIDA; SHERIFF RICK WELLS, in his official Capacity as Sheriff of Manatee County, Florida; DEPUTY ROBERT PEREYRA, JR., in his individual capacity; and JOHN/ JANE DOE DEPUTIES 1-5, in their individual capacities,

Defendants.
_______________________________________________/

**DEFENDANT SHERIFF'S MOTION TO DISMISS**

Defendant, SHERIFF RICK WELLS, in his official capacity as Sheriff of Manatee County, Florida, through undersigned counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby files this Motion to Dismiss as to Plaintiff's First Amended Complaint, and in support thereof would state as follows:

1. On August 10, 2026, Plaintiff filed her First Amended Complaint against Defendants Sheriff Wells, Deputy Robert Pereyra, and five John/Jane Does. (DE 7),

2. The First Amended Complaint asserts the following claims: Count I - 42 USC 1983 – Unlawful Warrantless Entry (Defendant Pereyra); Count II – 42 USC 1983 – False Arrest/False Imprisonment (Defendants Pereyra and Doe); Count III – 42 USC 1983 – Excessive Force – (All Defendants in their Individual Capacities);

Count IV – 42 USC 1983 – Monell Liability – Failure to Train, Supervise, and Discipline (Defendant Sheriff Wells); Count V – False Arrest/False Imprisonment (Sheriff Wells); Count VI – Battery (Defendant Sheriff Wells); Count VII – Negligent Training, Supervision, and Operational Oversight (Defendant Sheriff Wells); Count VIII – Failure to Intervene (Defendant Doe Deputies).

3. The First Amended Complaint should be dismissed as to Defendant Sheriff Wells because: (1) it constitutes an impermissible shotgun pleading in violation of Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure; and (2) Count IV fails to allege sufficient facts to plausibly establish municipal liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

WHEREFORE, it is respectfully requested that this Honorable Court enter its Order granting the Sheriff's Motion to Dismiss. Further, and in support of this Motion, the Defendant would refer this Honorable Court to the Memorandum of Law attached hereto and by reference made part hereof.

## MEMORANDUM OF LAW

### I. Standard of Review

When considering a motion to dismiss under Rule 12(b)(6), courts must accept all well pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings adorned with facts survive to the next stage of litigation. The Supreme Court has been clear on this point—a district court should dismiss a claim when a party does not plead facts that

make the claim facially plausible. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. Iqbal, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. Twombly, 550 U.S. at 555.

II. The First Amended Complaint is a Shotgun Pleading

Together, Rules 8 and 10 of the Federal Rules of Civil Procedure establish the minimum pleading requirements. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10(b). Violations of these rules create the problem of a shotgun pleading. Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1322-23 (11th Cir. 2015).

The most common type of shotgun pleading is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. Id. at 1321; Keith v. DeKalb Cnty., 749 F.3d 1034, 1045 n. 39 (11th Cir. 2014); Thompson v. Relation Serve Media, Inc., 610 F.3d 628, 650 n. 22 (11th Cir. 2010) (Tjoflat, J., concurring in the appeal, No. 07–13225, and dissenting in

the cross-appeal, No. 07–13477) (finding "a typical 'shotgun' pleading" where "each count incorporated by reference all preceding paragraphs and counts of the complaint notwithstanding that many of the facts alleged were not material to the claim, or cause of action, appearing in a count's heading"). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018). They waste resources, broaden discovery, and ravage dockets. They also do not "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323.

The First Amended Complaint is similar to the type of shotgun pleading repeatedly rejected by the Eleventh Circuit. Each of the eight (8) counts contain the following paragraph, "Plaintiff repeats and incorporates by reference only the factual allegations necessary to state this claim, and expressly excludes all other allegations, including any legal conclusions or statements of law." Although Plaintiff attempts to avoid dismissal by incorporating only those factual allegations "necessary" for each claim, this attempt does not satisfy Rules 8 and 10. By failing to identify the factual allegations that are incorporated into each count, the Plaintiff creates the same confusion that the shotgun pleading doctrine is designed to prevent. This is even more problematic when the Plaintiff sues both individual and government entities under both state and federal law. As pleaded, the First Amended Complaint leaves the Court and Defendants to speculate regarding which factual allegations support each count and each distinct theory of liability. Accordingly, the First Amended Complaint fails to comply with Rules 8 and 10 and warrants dismissal.

III. Plaintiff's Monell Claim Fails to State a Claim Upon Which Relief Can Be Granted

The U.S. Supreme Court has repeatedly held that local governments cannot be held vicariously liable for the actions of their employees when its agents or employees have caused a constitutional injury. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). For § 1983 liability to attach to a municipality, "a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004) (citation omitted). A plaintiff may show a policy by identifying either 1) "an officially promulgated [city] policy or 2) an unofficial custom or practice of the county shown through repeated acts of a final policymaker of the county." Grech v. Clayton County, Ga., 335 F.3d 1326, 1329-30 (11th Cir. 2003) (citing Monell, 436 U.S. at 690-91, 98 S.Ct. 2018)). "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Connick v. Thompson, 563 U.S. 51, 61 (2011).

A government entity rarely will have an officially-adopted policy that permits a particular constitutional violation, therefore, in order to state a cause of action for damages under § 1983, most plaintiffs must demonstrate that the government entity has a custom or practice of permitting the violation. Grech, 335 F.3d at 1330. A custom is an act "that has not been formally approved by an appropriate decisionmaker," but that is "so widespread as to have the force of law." Bd. of Cnty.

Comm'rs of Bryan Cty., Okla. v. Brown, 520 U.S. 397, 404 (1997) (citation omitted). To impose liability against a municipality for an unconstitutional custom or practice, the plaintiff must plausibly allege a pattern of misconduct including specific facts of numerous incidents demonstrating a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law. Whitaker v. Miami-Dade County, 126 F.Supp.3d 1313 (S.D. Fla. 2015) (citing Brown v. City of Ft. Lauderdale, 923 F.2d 1474, 1481 (11th Cir. 1991); Connick v. Thompson, 563 U.S. 51, 131 S.Ct. 1350, 1359 (2011) (A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train.); Weiland, 792 F.3d at 1328; Gold v. City of Miami, 151 F.3d 1346, 1351 (11th Cir. 1998) ("This Court repeatedly has held that without notice of a need to train or supervise in a particular area, a municipality is not liable as a matter of law for any failure to train and supervise."). Plaintiff has not alleged an unconstitutional policy existed so she must plead specific factual allegations of a widespread custom or practice permitting the numerous violations alleged.

Count IV alleges that the Sheriff is liable under Monell for failing to train, supervise, and discipline his deputies. However, the claim fails as a matter of law because Plaintiff has not alleged facts sufficient to establish municipal liability under 42 U.S.C § 1983. Plaintiff's allegations consist primarily of conclusory assertions that the Sheriff's Office failed to train, supervise, discipline, and oversee his deputies and that other incidents were known to the Sheriff. Such conclusory allegations without

factual support are insufficient to sustain a Monell claim. Gurrera v. Palm Beach County Sheriff's Office, 657 Fed.Appx. 886 (2016) (allegations that members of the Sheriff's Office were intentionally and/or incompetently trained and/or supervised and/or disciplined, which was the moving force behind individual officers violating the constitutional rights of citizens, were merely conclusory).

Additionally, the First Amended Complaint identifies no prior similar incidents of unconstitutional conduct whatsoever. Instead, the operative complaint references only Plaintiff's arrest and detention. Courts in the Eleventh Circuit have routinely dismissed Monell claims under similar circumstances as insufficient. See Weiland, 792 F.3d at 1329 (affirming dismissal of failure to train claim because "it is clear that the claim . . . arises from a single incident and the actions of two deputies"); Watkins v. Pinnock, 802 F. App'x 450, 455 (11th Cir. 2020) (district court did not err in dismissing claim with prejudice as Watkins failed to sufficiently allege that the BSO had a widespread custom or practice of allowing its deputies to use excessive force wherein he only provided one other instance of similar misconduct); Wakefield v. City of Pembroke Pines, 269 F. App'x 936, 940 (11th Cir. 2008) (the court held that two incidents occurring approximately thirteen months apart were insufficient to establish a custom); Grech, 335 F.3d 1326, 1330 n.6 (11th Cir. 2003) (noting that "a single incident would not be so pervasive as to become a custom or practice"); Craig v. Floyd County, 643 F.3d 1306, 1310 (11th Cir. 2011) (plaintiff failed to establish an unconstitutional custom or policy sufficient to impose municipal liability when he relied only on his own experience).

Because Plaintiff does not identify other prior incidents involving similar alleged constitutional violations by Manatee County Sheriff's Office deputies and asserts only conclusory allegations of a custom or pattern of misconduct of which the Sheriff was allegedly aware, her Monell claim is insufficient. Accordingly, count IV is properly dismissed.

## CONCLUSION

For the reasons above, as it relates to Defendant Sheriff, Plaintiff's First Amended Complaint should be dismissed.

## LOCAL RULE 3.01(g) STATEMENT

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that he conferred with Plaintiff's counsel on August 20, 2026, regarding the relief sought in the motion. Mr. Mactavish advised that he opposes the relief sought.

Respectfully Submitted,

***/s/ Gregory J. Jolly***
GREGORY J. JOLLY, ESQUIRE
Fla. Bar No. 118287

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was electronically filed with the Clerk of Court via the CM/ECF system which will send an electronic copy to: **ROBERT S. MACTAVISH, ESQUIRE,** Phoenix Corporate Tower, 3003 N. Central Avenue, Suite 685, Phoenix, AZ 85012 (Email: robert.mactavish@llgnational.com) counsel for Plaintiff, this 20th day of August 2026.

***/s/ Gregory J. Jolly***

GREGORY J. JOLLY, ESQUIRE
Fla. Bar No. 118287
PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
2455 E. Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone: (954) 462-3200
E-mail: greg@purdylaw.com; isabella@purdylaw.com
Attorney for *Defendant Sheriff*