# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| **ALEXIA VICTORIA GAVIN**<br>*Plaintiff,*<br><br>**-v-**<br><br>**SHERIFF RICK WELLS, in his official capacity as Sheriff of Manatee County, Florida; DEPUTY ROBERT PEREYRA, JR., in his individual capacity; and JOHN/JANE DOE DEPUTIES 1–5, in their individual capacities,**<br>*Defendants.* | Case No. 8:26-cv-01794-JSM-GDP |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT SHERIFF WELLS' MOTION TO DISMISS

Plaintiff, by and through undersigned counsel, respectfully submits this Response in Opposition to Defendant Sheriff Rick Wells's Motion to Dismiss (DE 10). The Motion should be denied because the First Amended Complaint complies with Rules 8 and 10, is not a shotgun pleading under Eleventh Circuit law, and states a plausible *Monell* claim under Rule 12(b)(6). Notably, Defendant Wells does not challenge the sufficiency of Counts I–III or V–VIII; the Motion is directed only at the shotgun-pleading allegation and the *Monell* claim constituting Count IV.

## I. INTRODUCTION

This case arises from a warrantless home entry, a false arrest unsupported by probable cause, excessive force during jail intake, and the failure of multiple deputies to intervene. Defendant's Motion to Dismiss mischaracterizes the Complaint, misstates Eleventh Circuit law, and should be denied.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion asks only whether the complaint contains sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility requires enough factual content to allow the Court to draw a reasonable inference of liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All well-pleaded facts must be accepted as true and all reasonable inferences drawn in Plaintiff's favor.

The Eleventh Circuit's shotgun-pleading doctrine is narrow. It applies only when a complaint is drafted in a way that prevents the Court or the defendant from understanding which facts support which claims. *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). The cases Defendant Wells cites: *Keith v. DeKalb County*, 749 F.3d 1034 (11th Cir. 2014); *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628 (11th Cir. 2010); and *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291 (11th Cir. 2018), involved complaints where every count incorporated every prior allegation, obscuring which facts supported which claims.

Municipal liability under § 1983 requires a plaintiff to allege a constitutional violation, a municipal policy or custom amounting to deliberate indifference, and a causal connection between the policy and the violation. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). At the pleading stage, a plaintiff is not required to prove a pattern or identify multiple prior incidents. The Supreme Court expressly rejected heightened pleading requirements for municipal liability claims. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). A *Monell* claim survives dismissal at the 12(b)(6) stage when the complaint alleges facts making the existence of a policy or custom plausible. *Hoefling v. City of Miami*, 811 F.3d 1271, 1280–81 (11th Cir. 2016).

## III. ARGUMENT

Defendant Wells's Motion rests on two arguments: that the Complaint is a shotgun pleading and that Count IV fails to state a *Monell* claim. Neither argument is supported by the Complaint or by Eleventh Circuit law.

### A. The First Amended Complaint Is Not a Shotgun Pleading

Defendant Wells's shotgun-pleading argument fails at the threshold because it bears no resemblance to the doctrine he invokes. As *Weiland* makes clear, shotgun pleadings obscure which facts support which claims. Plaintiff's First Amended Complaint does the opposite: each count contains its own factual narrative and expressly limits incorporation.

Each count in the First Amended Complaint restates the specific factual allegations supporting that claim, eliminating any ambiguity about which facts apply to which cause of action. For example, Count I (¶46–52) restates the warrantless-entry facts; Count II (¶57–63) restates the false-arrest facts; Count III (¶69–75) restates the excessive-force facts; and Count IV (¶81–85) restates the *Monell*-specific customs, supervisory notice, and failures to train, supervise, and discipline. This structure ensures that each defendant is on notice of the precise conduct alleged in each count.

The incorporation clause further avoids shotgun pleading because it expressly limits incorporation to "only the factual allegations necessary to state this claim" while excluding legal conclusions. This is the opposite of the wholesale incorporation condemned in *Weiland*, *Keith*, and *Thompson*. Defendant Wells's own motion demonstrates he understands the factual bases for each claim, confirming that the Complaint satisfies Rules 8 and 10 and provides the functional notice required under Eleventh Circuit precedent.

Each count in the First Amended Complaint is separated, clearly labeled, and directed to specific defendants. Each count contains its own factual narrative describing the conduct that

gives rise to that particular claim. And critically, each count expressly limits incorporation to "only the factual allegations necessary to state this claim," while excluding legal conclusions. This language is the opposite of the wholesale incorporation condemned in *Weiland*, *Keith v. DeKalb County*, 749 F.3d 1034 (11th Cir. 2014), and *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628 (11th Cir. 2010). Those cases involved complaints where every count adopted every prior allegation, leaving the court to guess which facts supported which claim. Here, Defendant Wells does not need to guess. The Complaint tells him exactly which facts support each cause of action.

Defendant Wells's argument that the Complaint is a shotgun pleading because it does not list incorporated paragraphs numerically is not supported by any Eleventh Circuit authority. The doctrine is functional, not formalistic. The question is whether the pleading gives fair notice of the claims and the grounds supporting them. *Weiland*, 792 F.3d at 1323. Defendant Wells's own motion demonstrates that he understands precisely what Plaintiff alleges, which claims are asserted, and which defendants are implicated. That alone defeats a shotgun-pleading challenge. The Complaint is organized, linear, and claim-specific. It satisfies Rules 8 and 10, and Defendant Wells's first argument should be rejected.

**B. Count IV States a Plausible *Monell* Claim**

Defendant Wells's *Monell* argument applies the wrong legal standard. Municipal liability under § 1983 requires a plaintiff to allege a constitutional violation, a municipal policy or custom amounting to deliberate indifference, and a causal connection between the policy and the violation. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). At the pleading stage, however, a plaintiff is not required to prove a pattern, identify multiple prior incidents, or attach evidence of past misconduct. The Supreme Court expressly rejected heightened pleading requirements for municipal liability claims in *Leatherman v. Tarrant County Narcotics*

*Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993), and the Eleventh Circuit reaffirmed in *Hoefling v. City of Miami*, 811 F.3d 1271, 1280–81 (2016), that a *Monell* claim survives dismissal when the complaint alleges facts making the existence of a policy or custom plausible.

Plaintiff does exactly that. Count IV alleges detailed factual matter supporting a plausible *Monell* claim. Plaintiff alleges that Sheriff Wells maintained customs permitting deputies to enter private residences without warrants, consent, or exigent circumstances (¶81); accepted incomplete or fabricated probable-cause narratives, including reliance on nonexistent "capias warrants" (¶82); failed to train deputies on constitutional limits governing home entry, probable cause, excessive force, and intervention duties (¶83); and failed to supervise or discipline deputies who engaged in unlawful conduct, thereby communicating that constitutional violations would be tolerated (¶84).

Paragraph 85 further alleges that prior incidents involving unlawful home entries, improper reliance on nonexistent warrants, and unnecessary force during jail intake were brought to supervisory personnel within MCSO. Despite this notice, Sheriff Wells failed to implement corrective training, revise deficient policies, or impose discipline. These allegations describe supervisory notice and repeated misconduct, satisfying the deliberate-indifference standard at the pleading stage under the authorities cited in Defendant's own motion.

Under *Leatherman* and *Hoefling*, Plaintiff is not required to prove a pattern or attach evidence at the Rule 12 stage; she must allege facts making the existence of a policy or custom plausible. The detailed allegations in ¶81–85 do exactly that, and they directly rebut Defendant Wells's assertion that the Complaint identifies "no prior similar incidents."

Defendant Wells's reliance on *Craig v. Floyd County*, 643 F.3d 1306 (11th Cir. 2011), *Wakefield v. City of Pembroke Pines*, 269 F. App'x 936 (11th Cir. 2008), and *Watkins v. Pinnock*, 802 F. App'x 450 (11th Cir. 2020), is misplaced. Those cases were decided at summary judgment

or later, after discovery, and address what must be proven, not what must be pled. They do not override *Leatherman* or *Hoefling*, nor do they support dismissal here.

## IV. CONCLUSION

Defendant Wells's Motion to Dismiss identifies no defect under Rule 12(b)(6). The First Amended Complaint is a clear, claim-specific pleading that satisfies Rules 8 and 10, and Count IV alleges a plausible basis for municipal liability under the governing standards. Because the Motion relies on an incorrect characterization of the Complaint and an incorrect legal standard, it should be denied in its entirety.

However, if the Court identifies any pleading deficiency, Plaintiff respectfully requests leave to amend pursuant to Rule 15's liberal amendment standard.

Respectfully Submitted,

**LLG NATIONAL LAW GROUP**

Dated: August 31, 2026

Robert S. Mactavish, Esquire
Florida Bar Number 0596388
Phoenix Corporate Tower
3003 N. Central Avenue
Suite 685
Phoenix, AZ 85012
P: 575-517-6542
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 31, 2026, I electronically filed the foregoing Plaintiff's Response in Opposition to Defendant Sheriff Wells's Motion to Dismiss with the Clerk of Court using the CM/ECF system, which will automatically serve a copy on counsel for the Defendant, Gregory J. Jolly, Esquire.



Robert S. Mactavish, Esquire