UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**CASE NO.: 8:26-cv-01794-JSM-T_W**

ALEXIA VICTORIA GAVIN,

Plaintiff,

v.

MANATEE COUNTY, FLORIDA; SHERIFF RICK WELLS, in his official Capacity as Sheriff of Manatee County, Florida; DEPUTY ROBERT PEREYRA, JR., in his individual capacity; and JOHN/ JANE DOE DEPUTIES 1-5, in their individual capacities,

Defendants.
_______________________________________________/

**DEFENDANT PEREYRA'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, ROBERT PEREYRA, through undersigned counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby files this Motion to Dismiss Plaintiff's First Amended Complaint, and in support thereof would state as follows:

1. On August 10, 2026, Plaintiff filed her First Amended Complaint against Defendants Sheriff Wells, Deputy Robert Pereyra, and five John/Jane Does. (DE 7),

2. The First Amended Complaint asserts the following claims: Count I - 42 USC 1983 – Unlawful Warrantless Entry (Defendant Pereyra); Count II – 42 USC 1983 – False Arrest/False Imprisonment (Defendants Pereyra and Doe); Count III – 42 USC 1983 – Excessive Force – (All Defendants in their Individual Capacities);

Count IV – 42 USC 1983 – Monell Liability – Failure to Train, Supervise, and Discipline (Defendant Sheriff Wells); Count V – False Arrest/False Imprisonment (Sheriff Wells); Count VI – Battery (Defendant Sheriff Wells); Count VII – Negligent Training, Supervision, and Operational Oversight (Defendant Sheriff Wells); Count VIII – Failure to Intervene (Defendant Doe Deputies).

3. The First Amended Complaint should be dismissed as to Defendant Sheriff Pereyra because it constitutes an impermissible shotgun pleading in violation of Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure.

WHEREFORE, it is respectfully requested that this Honorable Court enter its Order granting Defendant Pereyra's Motion to Dismiss. Further, and in support of this Motion, the Defendant would refer this Honorable Court to the Memorandum of Law attached hereto and by reference made part hereof.

## MEMORANDUM OF LAW

I. Standard of Review

When considering a motion to dismiss under Rule 12(b)(6), courts must accept all well pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings adorned with facts survive to the next stage of litigation. The Supreme Court has been clear on this point—a district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference,

based on facts pled, that the opposing party is liable for the alleged misconduct. Iqbal, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. Twombly, 550 U.S. at 555.

II. The First Amended Complaint is a Shotgun Pleading

Together, Rules 8 and 10 of the Federal Rules of Civil Procedure establish the minimum pleading requirements. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10(b). Violations of these rules create the problem of a shotgun pleading. Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1322-23 (11th Cir. 2015).

The Eleventh Circuit has identified four types of shotgun pleadings that violate either Federal Rule of Civil Procedure 8(a)(2) or 10(b) as follows:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and

> immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (footnotes omitted).

The First Amended Complaint is similar to the type of shotgun pleading repeatedly rejected by the Eleventh Circuit. Each of the eight (8) counts contain the following paragraph, "Plaintiff repeats and incorporates by reference only the factual allegations necessary to state this claim, and expressly excludes all other allegations, including any legal conclusions or statements of law." Although Plaintiff attempts to avoid dismissal by incorporating only those factual allegations "necessary" for each claim, this attempt does not satisfy Rules 8 and 10. By failing to identify the factual allegations that are incorporated into each count, the Plaintiff creates the same confusion that the shotgun pleading doctrine is designed to prevent. This is even more problematic when the Plaintiff sues both individual and government entities under both state and federal law and names a number of John Doe Defendants (which is not permitted) and fails to specifically identify which defendant is responsible for which

action which Plaintiff contends violated her constitutional rights. For example, in Count III of the Amended Complaint, Plaintiff's § 1983 excessive force claim against Defendant Pereyra and the five John Doe Defendants, Plaintiff alleges that "[d]uring the intake process, a correctional officer acting in concert with the arresting deputies forcefully twisted Plaintiff's wrist, applying torque and pressure far beyond what was necessary for any legitimate law-enforcement purpose." (ECF No. 7, p. 11, ¶ 70). Plaintiff's attempt to lump the defendants together without identifying which party committed the act which the Plaintiff contends violated her constitutional rights runs afoul of the Circuit's jurisprudence regarding shotgun pleadings. Additionally, by attempting to incorporate only the "relevant" factual allegations into each count, the Plaintiff has left both the Court and the Defendants to speculate as to which of those allegations are relevant. In that regard, Plaintiff's Amended Complaint qualifies as a text-book example of a pleading the Eleventh Circuit has decried. See Chudasama v. Mazda Motor Corp., 123 F. 3d 1353, 1359 n. 9 (11th Cir. 1997) (finding a shotgun pleading where "a reader of the complaint must speculate as to which factual allegations pertain to which count"); Anderson v. Dist. Bd. of Yrs. Of Cent. Fla. Cmty. Coll., 77 F. 3d 364, 366 (11th Cir. 1996) (describing complaint as "perfect example of 'shotgun' pleading" which was drafted in a way to make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief").

As pleaded, the First Amended Complaint leaves the Court and Defendants to speculate regarding which factual allegations support each count and each distinct

theory of liability. Accordingly, the First Amended Complaint fails to comply with Rules 8 and 10 and is subject to dismissal.

## CONCLUSION

Because the operative complaint fails to provide sufficient notice of the grounds upon which each claim rests, the Amended Complaint should be dismissed.

LOCAL RULE 3.01(g) STATEMENT

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that he conferred with Plaintiff's counsel on September 16, 2026, regarding the relief sought in the motion. Mr. Mactavish advised that he opposes the relief sought.

Respectfully Submitted,

***/s/ Gregory J. Jolly***
GREGORY J. JOLLY, ESQUIRE
Fla. Bar No. 118287

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was electronically filed with the Clerk of Court via the CM/ECF system which will send an electronic copy to: **ROBERT S. MACTAVISH, ESQUIRE,** Phoenix Corporate Tower, 3003 N. Central Avenue, Suite 685, Phoenix, AZ 85012 (Email: robert.mactavish@llgnational.com) counsel for Plaintiff, this 16th day of September 2026.

***/s/ Gregory J. Jolly***
GREGORY J. JOLLY, ESQUIRE
Fla. Bar No. 118287
PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
2455 E. Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone: (954) 462-3200

E-mail: greg@purdylaw.com; isabella@purdylaw.com
Attorney for *Defendant Sheriff*