**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ALEXIA VICTORIA GAVIN,

Plaintiff,

v. Case No: 8:26-cv-1794-JSM-GDP

SHERIFF RICK WELLS, in his official Capacity as Sheriff of Manatee County, Florida; DEPUTY ROBERT PEREYRA, JR., in his individual capacity; and JOHN/ JANE DOE DEPUTIES 1-5, in their individual capacities,

Defendants.

---

## ORDER

THIS CAUSE comes before the Court on Defendant Sheriff's Motion to Dismiss (Dkt. 10) and Plaintiff's Response in Opposition (Dkt. 13). Upon review of these filings, the Court concludes that the Motion should be granted to the extent that a more definite statement is necessary because the First Amended Complaint is a shotgun pleading.

## BACKGROUND

Plaintiff Alexia Gavin filed the First Amended Complaint against Defendants Sheriff Wells, Deputy Robert Pereyra, and five John/Jane Does alleging the following claims: Count I - 42 USC 1983 – Unlawful Warrantless Entry (Defendant Pereyra); Count II – 42 USC 1983 – False Arrest/False Imprisonment (Defendants Pereyra and Doe); Count III – 42 USC 1983 – Excessive Force – (All Defendants in their Individual Capacities); Count IV – 42 USC 1983 – Monell Liability – Failure to Train, Supervise, and Discipline (Defendant Sheriff Wells); Count V – False Arrest/False Imprisonment (Defendant Sheriff

Wells); Count VI – Battery (Defendant Sheriff Wells); Count VII – Negligent Training, Supervision, and Operational Oversight (Defendant Sheriff Wells); and Count VIII – Failure to Intervene (Defendant Doe Deputies).

Defendant Sheriff Wells moves to dismiss, arguing, in relevant part, that the First Amended Complaint constitutes an impermissible shotgun pleading in violation of Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure. The Court grants the motion to the extent the Court requires a more definite statement because the First Amended Complaint is a quintessential shotgun pleading.

**DISCUSSION**

The Eleventh Circuit has described the following categories of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015); *see also Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) (referring to shotgun pleadings as "garbage" and urging courts to address these defects to prevent issues

later in litigation); *Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001) ("[S]hotgun pleadings wreak havoc on the judicial system.").

The First Amended Complaint is like the first type of shotgun pleading repeatedly rejected by the Eleventh Circuit because each of the eight counts contain the following paragraph, "Plaintiff repeats and incorporates by reference only the factual allegations necessary to state this claim, and expressly excludes all other allegations, including any legal conclusions or statements of law." Although Plaintiff attempts to avoid dismissal by incorporating only those factual allegations "necessary" for each claim, this attempt does not satisfy Rules 8 and 10 because Plaintiff does not identify those facts. In other words, by failing to identify the factual allegations that are incorporated into each count, Plaintiff creates the same confusion that the shotgun pleading doctrine is designed to prevent because Defendants are forced to guess which facts apply to the legal claims.

The confusion is even more problematic here because Plaintiff sues both individual and government entities under both state and federal law. As pleaded, the First Amended Complaint leaves the Court and Defendants to speculate regarding which factual allegations support each count and each distinct theory of liability. Accordingly, the First Amended Complaint fails to comply with Rules 8 and 10 and the Court will direct Plaintiff to file an amended complaint that remedies these pleading deficiencies.

Notably, while the Sheriff seeks dismissal, a more definite statement is the appropriate course. "Under the Federal Rules of Civil Procedure, a defendant faced with a [shotgun] complaint is not expected to frame a responsive pleading. Rather, the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*,

77 F.3d 364, 366 (11th Cir. 1996). Under Rule 12(e), "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

Therefore, although the Sheriff seeks dismissal, the more appropriate remedy is to require a more definite statement under Rule 12(e). *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (holding that prior to "dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff 'one chance to remedy such deficiencies'") (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)); *Davis v. Main St. Family Pharmacy, LLC*, No. 5:16CV45-MW/GRJ, 2016 WL 9185284, at *1 (N.D. Fla. Apr. 18, 2016) (concluding that rather than granting a motion to dismiss, "the better course is to require a more definite statement ... to cure the deficiencies that make it a 'shotgun' pleading").

Accordingly, it is ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss (Dkt. 10) is granted to the extent the Court requires a more definite statement.

2. Plaintiff's Second Amended Complaint shall be filed within fourteen (14) days of this Order.

3. Failure to file a Second Amended Complaint by the deadline will result in the dismissal of this action without further notice.

**DONE** and **ORDERED** in Tampa, Florida, this September 17, 2026.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record